The judgment of the court (Rost, J. being absent,) was pronounced by
Preston, J.
The defendant is accused of entering a dwelling house in the day time with intent to steal. lie plead that he had been accused of the same offence; had been tried and acquitted, as appeared by a record which he made part of his piea.
The court overruled the special pica. Pie was then tried and convicted on the general issue, and has appealed. Elis counsel insists that the attorney general should have joined issue on his plea of autre fois acquit, and that the court ' should have directed a jury to try it.
The defendant made the record of the prosecution against him for larceny a part of his plea, and showed that he had not been tried in that case for entering a dwelling house with intent to steal — the crime of which he is now accused. Entering a dwelling bouse with intent to steal differs from larceny iu name, character and punishment, and is an entirely different crime. The evidence necessary to support an accusation for the one is entirely different from the evidence necessary to support an indictment for the other; which affords the true test to judge whether the piea be well founded or not. Archbold’s Criminal Pleadings, 82, and the authorities there cited.
Where the plea shows on its face that the offence plead to was not the same of which the prisoner was before acquitted, the plea may be demurred to. The State of Tennessee v. Hite, 9th Yerger’s Rep. 357. This was substantially done; the parties submitted the plea to the judgment of the court, who properly overruled it ; and the accused was tried and convicted upon his piea of not guilty.
The accused challenged the array of jurors on the ground that the record did not show that the sheriff was present when the list of jurors was drawn, and that the record is defective in omitting it.
The objection to any informality in drawing the jury should have been made the first day of the term; which was not done in this case. Acts of the 6th of March, 1846. Moreover, the record of the drawing of the jury is not annexed *343 to the bill of exceptions, nor copied into the transcript of the record, so as to enable us to know that the informality alleged existed, and to judge what should be the effect of it.
It is further assigned for error, that the indictment is defective and insufficient; it is not stated in what particular. It is further alleged that the whole proceedings are informal, illegal and insufficient. These allegations are too general to be noticed by the court. We have examined the proceedings and do not find any material defect. It is assigned for error, that the judgment and sentence of the court was not pronounced in open court.
The transcript having been amended by direction of this court, we find a formal judgment pronounced in open court and entered upon the records, which is affirmed, with costs.